IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM DEXTER LUCAS #655960 | § | |
| | § | |
| V. | § | A-11-CA-473-LY |
| | § | |
| STUART JENKINS, JOEL BUTLER, | § | |
| and DIANE CORONA | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and response to the Court's order to show cause. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Pack Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges he had a preliminary parole revocation hearing on June 29, 2009, which was conducted by Joel Butler. His final revocation hearing, conducted by Diane Corona, was held on July 13, 2009. Plaintiff complains he was denied the right to confront adverse witnesses, he was not given adequate written notice of the evidence being used against him, and he was not allowed to present

1

documentary evidence on his behalf. Plaintiff asserts the hearing resulted in Plaintiff's parole being revoked on July 22, 2009. Plaintiff claims both hearing officers, Butler and Corona, were biased. In addition, he alleges Butler did not explain his due process rights to Plaintiff. Plaintiff names as defendants Joel Butler, Diane Corona, and Stuart Jenkins, Director of the Texas Department of Criminal Justice - Paroles Division.[1] He requests a new parole revocation hearing and costs of this lawsuit.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to show cause why his complaint should not be considered as an application for writ of habeas corpus. Plaintiff was not seeking monetary damages and appeared to be challenging his alleged defective parole revocation hearings. The Court explained when a prisoner challenges the result of a single defective parole hearing the claim must be pursued by writ of habeas corpus.

Although Plaintiff requested no damages in his original complaint, he now asserts that he is seeking damages from Defendants for their failure to allow Plaintiff to confront and cross-examine any adverse witnesses against him during his parole revocation proceedings and not providing Plaintiff with documentary evidence. Plaintiff contends he is not challenging the result of the parole revocation proceedings and instead is challenging the procedures used during the parole revocation proceedings. Plaintiff asserts he is not seeking his immediate release. Rather, he seeks a new parole revocation hearing. Plaintiff admits he currently has pending an application for habeas corpus relief in the United States District Court for the Southern District of Texas in Cause No. H-10-CV-5020. However, Plaintiff contends his claims are proper in both a civil rights complaint and an application for habeas corpus relief.

---

[1] Plaintiff erroneously states Jenkins is the Director of the Board of Pardons and Paroles.

DISCUSSION AND ANALYSIS

    A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

    B.      Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

C.  Absolute Immunity

Defendants Butler and Corona are protected by absolute immunity. See Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Parole officials are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. Id.  Defendants Butler and Corona are entitled to absolute immunity because they were participants in the decision to revoke Plaintiff's parole. Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

D.  Qualified Immunity

Defendant Jenkins is protected by qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendants' conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria-whether plaintiffs' facts allege a constitutional violation-must be decided at the outset. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). Recently, however, the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009).

Defendant Jenkins is entitled to qualified immunity with respect to Plaintiff's claims brought against him in his individual capacity. Plaintiff appears to name Jenkins as a defendant merely based on his supervisory position. However, supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. Monell v. Department of Social Services, 436 U.S. 658, 693, 98 S. Ct. 2018, 2037 (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at 304. Plaintiff has failed to provide a basis for holding Defendant Jenkins liable for monetary damages in this case.

E.   Heck v. Humphrey

In addition, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

5

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck applies to proceedings which call into question the fact or duration of parole. Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995). Plaintiff has questioned the validity of his confinement resulting from his parole revocation hearing, and he has not alleged the Board's decision has been reversed, expunged, set aside, or called into question as Heck mandates. Although Plaintiff claims he is only seeking a new parole revocation hearing, Plaintiff is clearly attacking the validity of his previous parole revocation hearings. This calls into question the fact and duration of his confinement.

Plaintiff's contention that his claim if successful would not necessarily imply the invalidity of his parole proceedings is based on Wilkinson v. Dotson, 544 U.S. 74, 78-83, 125 S. Ct. 1242 (2005). In Wilkinson, the Supreme Court held that the claims of two state prisoners challenging the validity of state procedures for determining parole eligibility were properly brought under § 1983 because "neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus.'" Wilkinson, 544 U.S. at 82, 125 S. Ct. 1242.

Unlike the prisoners in Wilkinson, Plaintiff is not making a general challenge to parole revocation procedures. Rather, Plaintiff alleges specific errors in his case which led to the revocation of his parole. Granting Plaintiff a new parole revocation hearing necessarily implies that Plaintiff's parole was revoked in error. Accordingly, Plaintiff's claims are barred by Heck.

Plaintiff makes clear he is seeking relief under 42 U.S.C. § 1983 and not under 28 U.S.C. § 2254. Therefore, Plaintiff's request for injunctive relief in this civil rights action should be dismissed as frivolous under Heck.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of

an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE